**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      :

      **v.**          :          **CRIMINAL NO. 18-214**

SAMUEL G. VAZANELLIS      :

**GOVERNMENT'S UNOPPOSED MOTION**
**FOR A PROTECTIVE ORDER UNDER FED. R. CRIM. P. 16(d)(1)**

The United States of America, through its attorneys, David Metcalf, United States Attorney, and Mark Dubnoff, Assistant United States Attorney, respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), regarding discovery materials. In support of this Motion, the government avers:

1.      On June 12, 2026, the United States Attorney's Office for the Eastern District of Pennsylvania unsealed a four-count indictment against defendant Samuel G. Vazanellis, which charged the defendant with four counts of wire fraud, in violation of 18 U.S.C. § 1343.

2.      The indictment alleged that Vazanellis, while working as an attorney licensed in Indiana, defrauded one of his clients, A.P.S., into paying Vazanellis approximately $84,995.50 to help settle a legal dispute that A.P.S. had with "Company A," a multinational corporation headquartered in Malvern, in the Eastern District of Pennsylvania. According to the indictment, Vazanellis told A.P.S. that Company A had agreed to release all claims against A.P.S. in exchange for $80,000. Vazanellis allegedly instructed A.P.S. to pay Vazanellis the $80,000 for the settlement plus $4,995.50 in legal fees, and A.P.S. sent Vazanellis a total of $84,995.50. In actuality, according to the indictment, Vazanellis kept the money that he received

from A.P.S. and converted it to his personal use without settling the legal dispute between A.P.S. and Company A. The indictment alleged that Vazanellis caused four interstate wire communications to be transmitted in furtherance of his scheme to defraud A.P.S.

3. On June 17, 2026, Vazanellis entered an initial appearance on the indictment, was arraigned, and pleaded not guilty to all four charges against him.

4. The government began producing discovery to his counsel, Brian McMonagle, Esq., on or about June 25, 2026.

5. The government is now preparing to make an additional discovery production to counsel for Vazanellis, which includes documents that contain personal identifying information of A.P.S., as well as a recorded conversation between Vazanellis and A.P.C. The government wishes to provide this discovery to the defendant's counsel as soon as possible but simultaneously wants to prevent any unnecessary dissemination of personal identifying information, since it is sensitive and subject to abuse and identify theft.

6. To balance these competing concerns, the government is proposing to make unredacted materials available to defense counsel subject to the requested protective order. A reasonable restriction upon the use and disclosure of the discovery materials will minimize the risk of abuse of sensitive personal identifying information. The proposed protective order would limit the use of the discovery materials provided to the defense to the preparation for and use at trial and sentencing, including motions relating to trial and sentencing, and further prohibit the defense from disclosing the discovery materials to third parties except as required to prepare for or for use at trial and sentencing.

7. Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection,

or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict defense use of materials produced by the government in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, *3-5 (E.D. Pa. Apr. 15, 1994) (not published) (limiting use of criminal deposition ?solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure).

8.      This Court may also protect witnesses and third parties from other harm, such as the dissemination of personal and financial information or disclosure of names of unindicted co-conspirators. Unless such information is introduced at trial or in pleadings in the future, discovery materials are not trial evidence or judicial records. They are investigatory materials for which no right of the public or third-party access exists. *Cf. In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (discussing common law public right of access to judicial proceedings and records). *But see Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) (civil settlement agreement was not a judicial record subject to common law right of access); *see also* Fed. R. Crim. P. 49.1(a) (requiring redaction of social security numbers, taxpayer identification numbers, birth dates, the names of minors, financial account numbers, and home addresses in all court filings); *United States v. Hirsh*, 2007 WL 1810703, n.7 (E.D. Pa. 2007) (not reported) ([T]he public does not have an interest in knowing the details of [a party's] personal finances."); *United States v. Smith*, 602 F. Supp 388, 397-98 (M.D. Pa. 1985) ("[N]o First Amendment right of access to inspect and copy judicial records and documents that contain

information which was produced in pre-trial discovery proceedings"), *aff'd* 776 F.2d 1104 (3d Cir. 1985); *see also United States v. Nava-Salazar*, 30 F.3d 788, 800-01 (7th Cir. 1994) (district court may employ protective orders to regulate the dissemination of criminal discovery); *United States v. Pichay*, 988 F.2d 125 (9th Cir. 1993) (affirming a district court's protective order preventing disclosure of documents as not Jencks Act material).

9.  Additionally, the Supreme Court has long described the necessity for grand jury secrecy as "indispensable," *United States v. Johnson*, 319 U.S. 503, 513 (1943), and indeed such secrecy on the part of government officials has long been mandated by law. *See* Fed. R. Crim. P. 6(e); *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye . . . . The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system."). In *United States v. Sealed Search Warrants*, 1999 WL 1455215 (D.N.J. Sept. 2, 1999), the court noted, in denying public access to search warrant materials, "there is little public interest served by disclosure. The affidavits are permitted to be based upon hearsay, which is normally not admitted at criminal trials except under judicially monitored circumstances that assure its reliability." *Id.* at *6-7.

10.  The materials at issue here are, at this point, investigative materials provided in discovery. They are not yet part of any official court record. If some of the materials are later used in connection with the official court proceedings in this matter, for example as trial exhibits, the issue of whether they will be sealed or made public will need to be revisited at that time.

11. The government has consulted with Brian McMonagle, counsel for defendant Vazanellis, and he does not object to the entry of the protective order as proposed by the government.

12. The proposed order is justified by good cause, narrowly tailored, reasonable, and provides a graduated approach to the protective measures. First, it restricts the defense use of discovery materials being provided by the government which contain specified sensitive information to use in preparation for trial and sentencing, and motions related to trial and sentencing. Similarly, anyone the defense discloses the sensitive information to, such as in oral discussions or by showing them copies of materials containing sensitive information, is also restricted to using the information only in the preparation of this case for trial and sentencing. In order to assure that those individuals to whom sensitive information is disclosed are aware of their obligations under the proposed protective order, before disclosure is made, the order requires the defense to provide the recipient with a copy of the protective order. Finally, the order permits the defense to distribute copies of discovery materials containing sensitive information such as is required to prepare for trial and sentencing, but because then the copied materials are outside of the control of the defense, the order requires a heightened warning for those who receive copies of sensitive information. Those recipients are required to sign an acknowledgment that is retained by defense counsel, and defense counsel is required to maintain a log of those who receive copies of the sensitive materials.

13.    Accordingly, the United States requests that this motion be granted.

Respectfully submitted,

DAVID METCALF
United States Attorney


/s/ Mark B. Dubnoff
MARK B. DUBNOFF
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-214 |
| SAMUEL G. VAZANELLIS | : | |

# **O R D E R**

AND NOW, this _____ day of _____, 2026, upon consideration of the United States' unopposed Motion for a Protective Order, it is hereby

O R D E R E D

that the motion is GRANTED.   The Court finds that good cause exists to enter this protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. It is hereby ORDERED:

1.     The following materials, collectively referred to as "Sensitive Information," are subject to this protective order: all materials that contain (1) personal identification information, including but not limited to any social security number, date of birth, mailing address, electronic mail address, phone number, and/or social media subscriber information; and (2) sensitive financial information, including but not limited to any bank account number, credit and debit card number and statements, tax identification number, federal or state tax returns, transcripts, and tax return preparation materials, business financial statement and associated supporting items, and/or business plans or projections.

2.     Defense counsel may make such use of the Sensitive Information only as is necessary to prepare for trial and for use at trial and sentencing, including motions relating to

trial and sentencing. Any counsel, defendant, or other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than preparation for or use at trial and sentencing in this case, and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial or sentencing in this case. Prior to disclosure of any Sensitive Information, defense counsel shall provide the person to whom disclosure is to be made with a copy of this order.

       3.      Should defense counsel provide any copies of materials that contain Sensitive Information in accordance with paragraph 2 above, counsel for the defendant shall maintain a log of every person to whom copies of discovery materials containing Sensitive Information are provided, and shall obtain and retain from every such person at the time of disclosure the following written statement, signed by such person:

> "I acknowledge that discovery materials have been provided to me for the purpose of assisting defendant _____ in preparing for and/or using such materials at trial or sentencing. I have read the Order of the Court dated _____, 2024 permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for or use at trial or sentencing in the matter of *United States v. Alan Kane, et al.*, Criminal Case No. 24-14, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court."

BY THE COURT:

_____
HONORABLE HARVEY BARTLE, III
*Judge, United States District Court*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by the Court's ECF electronic case filing system upon the following counsel for the defendant.

Brian McMonagle, Esq.
*Counsel for Samuel G. Vazanellis*

Date: June 30, 2026

*s/ Mark B. Dubnoff*

Mark B. Dubnoff